**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DARRYL EDWARD COOPER, JR.         *
#340-263
Petitioner                             *

v                                    *           Civil Action No. CCB-09-2177

KATHLEEN GREEN, Warden ECI Annex    *
and
THE ATTORNEY GENERAL OF          *
THE STATE OF MARYLAND
                                    *
Respondents

                                 ***

**MEMORANDUM**

Before the court is a 28 U.S.C. § 2254 petition for writ of habeas corpus filed pro se by

Darryl Edward Cooper, Jr. ("Cooper"), an inmate at the Eastern Correctional Institution.

Respondents Kathleen Green, Warden, and Douglas Gansler, Attorney General of Maryland,

move to dismiss the petition as time-barred. Upon careful review of the pleadings, exhibits,

transcripts, and applicable law, the court determines an evidentiary hearing is unwarranted. The

petition will be dismissed as time-barred.

**Procedural Background**

The petition challenges Cooper's 2006 conviction pursuant to a guilty plea entered in the

Circuit Court for Kent County to accessory after the fact to murder.  Cooper also challenges his

probation revocation for a separate narcotics offense.

On July 28, 2006, Cooper was sentenced to five years incarceration consecutive to the

sentence imposed the same day for violating the terms of his probation for possession with intent

to distribute controlled substances.  Cooper neither filed for leave to appeal the entry of his guilty

plea and sentence, nor initiated state post-conviction proceedings.  The instant petition for

federal habeas corpus relief was filed on August 10, 2009.[1]

## Analysis

### (i) Limitations Period

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[2]

This one-year period is tolled while properly filed post-conviction proceedings are pending, and may

otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325,

---

[1] For assessing timeliness, the court will deem the petition filed on the date of signature, August 10, 2009. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of the mail-box rule to habeas petitions).

[2] This section provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

328-30 (4th Cir. 2000).

Cooper's judgment of conviction became final for the purpose of starting the one-year

limitations period on Monday, August 28, 2006, when the time for filing leave to appeal expired.

*See* Md. Code Ann., Cts. and Jud. Proc. Art., §12-302(e) (2001) (providing that appeal of a guilty

plea is by way of application for leave to appeal); Md. Rule 8-204(b) (requiring application for

leave to appeal be filed within 30 days after entry of judgment or order from which appeal is

sought).   Cooper's probation revocation also became final on August 28, 2006, when the time to

file an application for leave to appeal expired.   *See* Md. Code Ann.,  Art  § 12-302(g) (2001)

(providing that appeal of probation revocation is through application for leave to appeal); Md.

Rule 8-204(b).  There were no properly filed post-conviction proceedings to toll the running of

the limitations period.  Consequently, the limitations period elapsed on August 29, 2007.  The

instant federal petition, dated August 10, 2009, was filed almost two years after the limitations

period had expired. The petition is therefore time-barred unless there are grounds for equitable

tolling.

(ii) Equitable Tolling

In order to be entitled to equitable tolling, a petitioner ordinarily must establish wrongful

conduct by the respondent  or extraordinary circumstances beyond his control and external to his

own conduct that caused the delay. *Rouse v. Lee*, 339  F.3d 238, 246 (4th Cir. 2003); *Harris*, 209

F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would

be unconscionable to enforce the limitation period against the party and gross injustice would

result."  *Id.*  Generally, a petitioner seeking equitable tolling must demonstrate that he has been

diligently pursuing his rights and that some extraordinary circumstance stood in his way to

prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

In accordance with *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the court granted Cooper thirty days to address whether principles of equitable tolling apply.  The thirty-day period has run; Cooper has neither filed a response nor otherwise contacted the court.  To the extent Cooper attributes the  delay to his attorney's failure to provide his "files and transcript" in a timely fashion, Petition, p. 5, this does not constitute wrongful conduct by the respondents or extraordinary circumstances beyond Cooper's control.  There are no grounds for equitable tolling.

### Certificate of Appealability

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th  Cir. 2001)

(quoting *Slack*, 529 U.S. at 484.

 Petitioner has not made the requisite showing.  There is no basis to grant a certificate of

appealability.[3]

**Conclusion**

 The court finds the petition untimely, and there is no basis to apply equitable tolling.  The

petition shall be dismissed by separate order.


<u>January 15, 2010</u>            ____/s/_____
Date                  Catherine C. Blake
                  United States District Judge

---

[3] Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition, should that later be justified, or pursuing his claims upon receipt of such permission.